1  ROBERT E. ALLEN - State Bar No. 166589
   rallen@glaserweil.com
2  GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
3  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
4  Telephone: (310) 553-3000
   Facsimile:  (310) 556-2920
5
   Attorneys for Petitioner
6  Bayside Advisory LLC

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11                                    CASE NO.: CV 20-80214 MISC

12

13 IN RE DMCA § 512(h)                DECLARATION OF ROBERT E. ALLEN
   SUBPOENA TO TWITTER, INC.          IN SUPPORT OF BAYSIDE ADVISORY
14                                    LLC'S REQUEST TO THE CLERK FOR
                                      THE ISSUANCE OF A SUBPOENA TO
15                                    TWITTER, INC. PURSUANT TO 17 U.S.C. §
                                      512(h) TO IDENTIFY ALLEGED
16                                    INFRINGER

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ROBERT E. ALLEN

I, Robert E. Allen, declare as follows:

1. I am a partner with the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, counsel of record for Bayside Advisory LLC ("Bayside"). I have personal knowledge of the facts contained herein and, if called upon to do so, could and would testify competently thereto.

2. I submit this declaration in support of Bayside's request for issuance to Twitter, Inc. ("Twitter"), owner and operator of the websites <twitter.com> and <pbs.twimg.com>, of a subpoena pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h) (the "Subpoena"), to identify one or more alleged infringers whom Bayside is informed and believes posted copyrighted photographs owned by Bayside (the "Infringing Content") on systems operated by Twitter without Bayside's authorization.

3. On October 29, 2020, Bayside submitted a notification via email to <copyright@twitter.com> and via Federal Express, identifying the Infringing Content on Twitter's systems and providing the information required by 17 U.S.C. § 512(c)(3)(A). Attached hereto as **Exhibit 1** is a true and correct copy of the notification sent to Twitter on October 29, 2020.

4. The purpose for which the Subpoena to Twitter is sought is to obtain the identity of the alleged infringer or infringers and such information will only be used for the purpose of protecting rights under 17 U.S.C. §§ 100, *et seq.*

5. A true and correct copy of Bayside's proposed Subpoena to Twitter is attached hereto as **Exhibit 2**.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on November 25, 2020 at Los Angeles, California.

Robert E. Allen

# EXHIBIT 1

# GlaserWeil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

**Robert E. Allen**

October 29, 2020

**Direct Dial**
310.282.6280
**Direct Fax**
310.785.3580
**Email**
rallen@glaserweil.com

**Via Email (copyright@twitter.com)**
**Facsimile (415-222-9958) and**
**Federal Express**
Twitter, Inc.
1355 Market Street, Suite 900
San Francisco, CA 94103
      Attn:   Justin Green
                Agent Designated to Receive
                Notification of Infringement

    Re:   <u>DMCA Takedown Relating to the Unauthorized Use of Photos</u>

To whom it may concern:

    We represent Bayside Advisory LLC, who is the sole copyright owner and exclusive rights holder of certain photographs (the "Photos").

    Your service is hosting the following Photos at the following locations on your network, which are being reproduced and displayed publicly in connection with your account holder MrMoneyBags @CallMeMoneyBags:

1. https://twitter.com/CallMeMoneyBags/status/1321640159029432320/photo/1
   (posted Oct. 28, 2020)
   Photo: https://pbs.twimg.com/media/EldoQdHWoAYo1K4?format=png&name=900x900

2. https://twitter.com/CallMeMoneyBags/status/1319270117046452224/photo/1
   (posted Oct. 22, 2020)
   Photo: https://pbs.twimg.com/media/Ek79JH_XgAIRsJD?format=png&name=small

3. https://twitter.com/CallMeMoneyBags/status/1318940456181506048/photo/1
   (posted Oct. 21, 2020)
   Photo: https://pbs.twimg.com/media/Ek3Q6kMWAAArb4I?format=jpg&name=large

4. https://twitter.com/CallMeMoneyBags/status/1318753066242494473/photo/1
   (posted Oct. 20, 2020)
   Photo: https://pbs.twimg.com/media/Ek0lzOVWAAImzQD?format=jpg&name=medium

5. https://twitter.com/CallMeMoneyBags/status/1318572771086041088/photo/1
   (posted Oct. 20, 2020)
   Photo: https://pbs.twimg.com/media/EkyCjM7WkAA9BkB?format=jpg&name=large

Twitter, Inc.
October 29, 2020
Page 2

6. https://twitter.com/CallMeMoneyBags/status/1318408555117056000/photo/1
 (posted Oct. 19, 2020)
 Photo: https://pbs.twimg.com/media/Ekvs4VLWAAAJKN9?format=jpg&name=medium

Pursuant to Section 512(c) of the Digital Millennium Copyright Act, we seek the immediate removal of the Photos from your servers and that your service no longer reproduce, display publicly or distribute them, all of which uses are infringing. We request that you immediately notify the infringer of this notice to cease any further posting of infringing material to your server in the future.

We have a good faith belief that the use of the Photos as listed above is not authorized by the copyright owner, its agent, or the law (including, without limitation, fair use). We assert that the information in this notification is accurate, and under penalty of perjury, and that we are authorized to act on behalf of Bayside Advisory LLC, the owner of each of the exclusive rights protected under Section 106 of The Copyright Act in and to each of the Photos.

This letter does not constitute a waiver of any right to recover damages incurred by virtue of any such unauthorized activities, and such rights as well as claims for other relief are expressly retained.

You may contact me at the physical address, email address and/or telephone numbers provided above.

Sincerely,

Robert E. Allen
Glaser Weil Fink Howard Avchen & Shapiro LLP

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In re DMCA Sec. 512(h) Subpoena to Twitter, Inc. ) <br> _Plaintiff_ ) <br> v. ) <br> ) <br> ) <br> _Defendant_ ) | Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Twitter, Inc. c/o C T Corporation System; 818 West Seventh Street, Suite 930; Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All identifying information, including but not limited to real names, IP addresses, MAC addresses, email addresses, and telephone numbers, associated with the Twitter account "@CallMeMoneyBags" accessible at the URL "https://twitter.com/callmemoneybags"

| Place: Glaser Weil Fink Howard Avchen & Shapiro LLP <br> 455 Market St., Ste. 1150, San Francisco, CA 94015 | Date and Time: <br> 12/04/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Petitioner Bayside Advisory LLC                              , who issues or requests this subpoena, are:
Robert E. Allen; 10250 Constellation Blvd., 19th Fl., Los Angeles, CA 90067; rallen@glaserweil.com; 310-553-3000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).