Julie E. Schwartz, CA Bar No. 260624
JSchwartz@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
T: 650.838.4300
F: 650.838.4350

Hayden M. Schottlaender, TX Bar No. 24098391
(Application for Admission *PHV* Forthcoming)
HSchottlaender@perkinscoie.com
**PERKINS COIE LLP**
500 N. Akard St., Suite 3300
Dallas, TX 75214
T: 214.965.7700
F: 214.965.7799

Attorneys for Movant
**TWITTER, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re DMCA Sec. 512(h) Subpoena to Twitter, Inc.* | Case No. 4:20-mc-80214 DMR<br><br>**DECLARATION OF HAYDEN M. SCHOTTLAENDER IN SUPPORT OF TWITTER'S MOTION TO QUASH**<br><br>Date:   March 11, 2021<br>Time:   1:00 p.m.<br>Judge:  Hon. Donna M. Ryu<br>        Courtroom 4, 3rd Floor |

I, Hayden M. Schottlaender, declare as follows:

1. My name is Hayden M. Schottlaender. I am of sound mind, over the age of 21, have never been convicted of a felony, and am fully authorized and competent to make this Declaration. The facts and statements contained herein are made on the basis of my personal knowledge and are true and correct. If called to testify to said statements, I could and would testify competently thereto.

-1-

2. Twitter is an online communications platform that permits its users to write short messages ("Tweets") of up to 280 characters, which can include photos, videos, and links to off-platform content. At a user's election, Tweets may be distributed publicly or may be restricted to a limited group of approved followers. Twitter users choose a handle (e.g., @PerkinsCoieLLP) that may either be associated with their true identities or pseudonymous.

3. I have reviewed the publicly-accessible information and content associated with the Twitter account @CallMeMoneyBags (the "Account"), viewable at www.twitter.com/callmemoneybags. As of the date of this Declaration, the Account has 364 followers. The publicly-viewable content posted by the Account demonstrates that the user primarily Tweets about issues in the private equity space. For instance, some of the most recent Tweets from the account are disseminating a news article regarding a law firm's creation of a #MeToo practice targeting private equity clients, and criticizing a party allegedly hosted by a private equity firm that did not observe social distancing practices.

4. In October 2020, the Account posted six Tweets, each mentioning Brian Sheth ("Sheth"). I have personally taken the following screenshots of those Tweets:



 

5. I have personally attempted to learn the connection between Bayside and Sheth and have not found any such connection. I searched the California Secretary of State filings for registration of a Bayside Advisory LLC and found none. I used Google to search for a "Bayside Advisory LLC" and found only a potential connection to an Ohio real estate holdings company. I further used Google to research that holding company and its possible connection to Sheth but found none. I found no information about Bayside that would suggest that the real estate holdings company would have an interest in creating or acquiring copyrights of photographs. Twitter removed the images from the Tweets above as a result of Bayside's DMCA request.

6. Twitter was served with Bayside's subpoena in this action on December 3, 2020. A true and correct copy of that subpoena is attached hereto as **Exhibit A-1**. It demands compliance by December 4.

7. On December 14, Twitter sent objections to the subpoena to Bayside. A true and correct copy of that objection letter is attached as **Exhibit A-2**.

8. On January 8, 2021, I personally conferred with Robert Allen, counsel for Bayside. Bayside took the position that Twitter's First Amendment objection was inapplicable to copyright subpoenas issued under Section 512(h). I asked for authority for that position and Mr. Allen provided none. Mr. Allen then threatened that if Twitter refused to comply with the subpoena, Bayside would move to hold Twitter in contempt.

9. Immediately following that call, I emailed Mr. Allen with citations to a number of cases holding that the First Amendment standards cited in Twitter's objections are to be applied to subpoenas issued under Section 512(h). In the same email, I further noted that Bayside's interests in unmasking the Account did not appear to relate strictly to copyright, and that it instead appeared to Twitter that Sheth was in some way connected to the subpoena efforts, in an attempt to suppress criticism of Sheth's lifestyle.

10. Mr. Allen responded on Wednesday, January 20. He stated that the "subpoena itself and common sense confirm that Bayside is able to make a showing for each of [the First Amendment] factors" cited in the cases that I provided to Mr. Allen. But Mr. Allen made clear that Bayside would not seek judicial review of whether they had met the First Amendment standard, and again threatened to move to compel.

11. I responded by asking for copies of the photographs at issue. Mr. Allen provided them to me, and again threatened to move to compel Twitter's compliance with the subpoena. Specifically, he sent me an email at 9:46 p.m. on Friday, January 22, and told me that Bayside would move to compel if Twitter did not comply by 3:00 p.m. on Saturday, January 23. The following are true and correct copies of the photographs I received from Mr. Allen, who represented that these are the copyrighted photos at issue:





-6-








I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 23, 2021

                                            /s/ *Hayden M. Schottlaender*
                                            Hayden M. Schottlaender
                                            Texas Bar No. 24098391