# **EXHIBIT A-2**



Twitter, Inc.
1355 Market Street · 900
San Francisco, CA 94103

December 14, 2020

*Sent via Email*

Robert E. Allen, Esq.
rallen@glaserweil.com
10250 Constellation Blv.
19th Floor
Los Angeles, CA 90067

      **Your Subpoena to Twitter, Inc. in**
      *In re DMCA Sec. 512(h) Subpoena to Twitter, Inc.*
      **United States District Court for the Northern District of California**

Dear counsel,

Twitter is responding to your subpoena dated December 2, 2020, and which it received on December 3, 2020, in the above-referenced matter. Twitter objects to your request for the following reasons:

First, Twitter objects that you provided it with only one day to respond to your subpoena. Such a truncated return period is particularly unreasonable given Twitter's size and the volume of legal process that it receives.

Second, Twitter objects that to the extent you seek to unmask anonymous speakers, you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.  In order to unmask an anonymous speaker, a litigant must "persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Commercial Offshore Ltd*. *v*. *Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields*,

**EXHIBIT A-2**

385 F. Supp. 2d at 975-76). If a plaintiff makes this showing, the court must then "assess and compare the magnitude of harms that would be caused" to the plaintiff's and defendant's competing interests if the court ordered disclosure of the speaker's identity." *Id*. *See Smythe v. Does 1-10*, No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying motion to enforce subpoena against Twitter where movant failed to overcome user's First Amendment right to anonymous speech).

Third, Twitter objects to your request(s) as overbroad because Twitter does not understand your need for "all" identifying information. All discovery requests must be relevant to a claim or defense or the subject matter of the underlying action. *See, e.g.*, Fed. R. Civ. P. 26(b); l discovery requests must be relevant to a claim or defense and proportional to the needs of the case. *See, e.g.,* Fed. R. Civ. P. 26(b)(1); *Ball v. Cty. of Riverside*, No. CV1480081MISCJSTKAW, 2014 WL 12607805, at *1 (N.D. Cal. Apr. 25, 2014) (rejecting subpoenas as "overbroad and unduly burdensome" where they required Google, a nonparty, to identify and produce "any and all [street view] photos" posted "at any time" along a one-mile stretch of road). Here, it is unclear why you require five or more categories of identifying information.

Fourth, Twitter objects to the extent that your subpoena requests information that Twitter does not retain in a producible format.

Fifth, Twitter objects to the extent your requests contemplate electronically stored information from sources that could be unreasonably inaccessible because of undue burden or cost. *See* Fed. R. Civ. P. 45(e)(1)(D).

Finally, Twitter has sent notice and a copy of your subpoena to the email address associated with the accounts that were properly identified in your subpoena.

I trust this letter resolves this matter but should you have any questions, please feel free to contact us at litigation@twitter.com.  Twitter otherwise preserves and does not waive any other available objections or rights.

Kind Regards,

Twitter Legal