1    ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
2    LAWRENCE M. HADLEY (SBN 157728)
lhadley@glaserweil.com
3    THOMAS P. BURKE JR. (SBN 288261)
tburke@glaserweil.com
4    GLASER WEIL FINK HOWARD
       AVCHEN & SHAPIRO LLP
5    10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
6    Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Petitioner
Bayside Advisory LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA § 512(h) SUBPOENA TO TWITTER, INC. | CASE NO.: 4:20-mc-80214-DMR<br><br>**PETITIONER BAYSIDE ADVISORY LLC'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH DMCA § 512(h) SUBPOENA TO TWITTER, INC.**<br><br>Date:     March 11, 2021<br>Time:    1:00 p.m.<br>Judge:   Hon. Donna M. Ryu<br>             Courtroom 4, 3rd Floor |

# NOTICE OF MOTION AND MOTION TO COMPEL

**PLEASE TAKE NOTICE** that on March 11, 2021, at 1:00 p.m. or as soon thereafter as may be heard, in Courtroom 4, Third Floor, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Petitioner Bayside Advisory LLC ("Bayside") will and hereby does move to compel compliance with the DMCA § 512(h) subpoena issued to Twitter, Inc. ("Twitter").

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Robert E. Allen in Support of Bayside's Opposition to Twitter's Motion to Quash, all pleadings and papers on file in this action, and such other matters as the Court may consider.

DATED: February 4, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: */s/ Robert E. Allen*
    Robert E. Allen
    Attorneys for Petitioner
    Bayside Advisory LLC

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| **I.** | Introduction | | 1 |
| **II.** | Factual and Procedural Background | | 2 |
| **III.** | Legal Standard | | 4 |
| **IV.** | Statement of the Issues | | 5 |
| **V.** | Meet-and-Confer Process | | 6 |
| **VI.** | Argument | | 6 |
| | **A.** | MoneyBags' Identity Is Relevant | 6 |
| | **B.** | Bayside Has Demonstrated That MoneyBags' Conduct Is Not Protected by the First Amendment. | 7 |
| | **C.** | Twitter's Remaining Objections Are Meritless. | 7 |
| **VII.** | Conclusion | | 9 |

# TABLE OF AUTHORITIES

## CASES

*BMP Media USA, Inc. v. Crowdgather, Inc.*,
   2014 WL 12601054 (C.D. Cal. July 28, 2014) ................................................................. 8

*Gillespie v. Civiletti*,
   629 F.2d 637 (9th Cir. 1980) ........................................................................................... 6

*In re DMCA Subpoena to eBay, Inc.*,
   2015 WL 3555270 (S.D. Cal. June 5, 2020) .................................................................... 8

*Rich v. Butowsky*,
   2020 WL 5910069 (N.D. Cal. Oct. 6, 2020) .................................................................... 5

*Signature Mgmt. Team, LLC v. Automattic, Inc.*,
   941 F. Supp. 2d 1145 (N.D. Cal. 2013) ........................................................................... 7

*Sony Music Entm't Inc. v. Does 1-40*,
   326 F. Supp. 2d 556 (S.D.N.Y. 2004) .............................................................................. 8

## STATUTES

17 U.S.C. § 512(c) ..................................................................................................................... 2, 3

17 U.S.C. § 512(h) ................................................................................................................. passim

## RULES

Fed. R. Civ. P. 37 .......................................................................................................................... 6

Fed. R. Civ. P. 45(d) ..................................................................................................................... 4

Fed. R. Civ. P. 45(g) ..................................................................................................................... 5

Local Rule 37-1 ............................................................................................................................. 6

Local Rule 37-2 ............................................................................................................................. 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

Bayside Advisory LLC ("Bayside") respectfully requests that the Court issue an order compelling Twitter, Inc. ("Twitter") to comply with the subpoena issued on December 2, 2020 (the "Subpoena") and to expeditiously disclose information sufficient to identify the Twitter user with the handle @CallMeMoneyBags ("MoneyBags") as required by 17 U.S.C. § 512(h).

Bayside exclusively owns the copyrights to certain photographs, which have been registered with the Copyright Office (the "Photographs"). MoneyBags posted in each of six separate tweets one of the Photographs to his[1] Twitter account without Bayside's permission toward the end of October 2020. Pursuant to the DMCA, Bayside submitted a takedown notice to Twitter for the six Photographs contained in the tweets. Instead of responding expeditiously to remove the Photographs, and without legal basis, Twitter rejected Bayside's notice and instead forced Bayside's counsel to register as a user with Twitter and then use Twitter's form. Bayside then submitted this form and Twitter eventually removed the Photographs from its platform *twelve days* after it received Bayside's notice. MoneyBags never filed a counter-notice.

Bayside then requested that this Court issue a subpoena under the DMCA to uncover the identity of MoneyBags and protect its rights under the Copyright Act. Although the DMCA required Twitter to "expeditiously disclose" MoneyBags' identity, Twitter refused to do so, instead objecting, primarily on the grounds that such information is protected by the First Amendment. Though Twitter indicated that it notified him of the Subpoena, MoneyBags has not appeared in this action or otherwise contacted counsel for Bayside.

On December 14, 2020, Twitter objected to producing MoneyBags' identifying information, primarily on the grounds that such information is protected by the First Amendment. While Bayside was meeting and conferring with Twitter prior to Bayside filing this motion to compel (the "Motion to Compel"), Twitter filed a motion to quash the Subpoena. *See* Dkt. No. 5 (the "Motion to Quash").

---

[1] Bayside uses masculine pronouns to refer to @CallMeMoneyBags since the account's biography currently reads "Call me Mr. Moneybags."

The Motion to Compel should be granted because Bayside has complied with the requirements of section 512(h) and has made a prima facie showing that MoneyBags has engaged in copyright infringement, an activity not protected by the First Amendment. Bayside has also satisfied the additional tests that some courts have required before ordering the disclosure of the identity of an anonymous copyright infringer. Additionally, the copying of the Photographs by MoneyBags does not constitute fair use. Indeed, if Twitter actually thought that was true, it never would have removed the Photographs from its service in the first place. Further, if MoneyBags thought his copying was fair use, he could have filed a DMCA counter-notice. Twitter should not be allowed to continue to disregard the DMCA because Twitter finds it inconvenient or contrary to its business model to do so.

## II.     Factual and Procedural Background

The Twitter account @CallMeMoneyBags[2] has 399 followers and has tweeted 67 times. The overwhelming majority of the tweets are critical of the private equity industry and figures within it. Since October 19, MoneyBags has tweeted numerous times about various figures in the private equity industry. Six of those tweets each included a Photograph. While the text of these tweets mention Brian Sheth (and hashtags of various members and entities of the private equity industry, including Robert Smith and Bob Brockman), the Photographs were not of any of those people or taken by them. Rather, the Photographs are each of a model posed in different settings (the facial identity of the model in two of the Photographs is unidentifiable). None of the people mentioned in the tweets own or control (and have never owned or controlled) the copyrights to the Photographs, nor own or control (and have never owned or controlled) any interest in Bayside. (*See* Declaration of Robert E. Allen in Support of Bayside's Opposition to Twitter's Motion to Quash (Dkt. No. 9-1) ["Allen Decl."] ¶¶ 3-4, Ex. 1).

On October 29, 2020, Bayside submitted a DMCA takedown request to Twitter for the six Photographs contained in the tweets pursuant to 17 U.S.C. § 512(c) (the "DMCA Notice"). (Allen Decl. ¶ 5, Ex. 2). Bayside sent the DMCA Notice, which included all of the required

---

[2] Accessible at https://twitter.com/callmemoneybags.

elements set forth in section 512(c)(3), to Twitter's designated agent pursuant to section 512(c)(2) via Federal Express and email. (*Id.*) Instead of responding "expeditiously to remove, or disable access to, the material that is claimed to be infringing," as required in section 512(c)(1)(C), Twitter rejected on October 29, 2020 the DMCA Notice sent via email because it was sent as an email attachment and rejected the DMCA Notice sent via Federal Express on November 2, 2020 because Twitter alleged that it "didn't have enough detail" about the Photographs (which was false), and instead provided its own "copyright complaint form" for Bayside to fill out and submit. (*Id.* ¶¶ 6-7, Exs. 3-4). There is nothing in the DMCA that requires a copyright complainant to use the service provider's form in lieu of sending the notice via email or mail to its designated agent in accordance with section 512(c)(2).

The "copyright complaint form" can only be filed by a Twitter subscriber, thereby requiring Bayside's counsel to register as a user with Twitter. Bayside then submitted Twitter's "copyright complaint form" on November 2, 2020, and Twitter removed the Photographs from its platform *seven days* after the submission of the "copyright complaint form" and *twelve days* after Twitter received the DMCA Notice. (*Id.* ¶ 8, Ex. 5) . Moneybags never filed a counter-notice under the DMCA.

The text and the hashtags of the tweets remain publicly accessible. Bayside obtained registrations from the United States Copyright Office for the Photographs, effective November 2, 2020. On November 25, 2020, Bayside filed a request for the issuance of a subpoena under 17 U.S.C. § 512(h) to identify the infringer MoneyBags (the "Subpoena"). *See* Dkt. No. 1.

Section 512(h) allows "[a] copyright owner or a person authorized to act on the owner's behalf [to] request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." 17 U.S.C. § 512(h)(1).

The Subpoena was issued on December 2 and served on Twitter on December 3, 2020. Though the date for compliance on the subpoena was listed as December 4, 2020, a cover letter accompanying the Subpoena provided Twitter up until December 18, 2020 to comply. In the Motion, Twitter does not challenge that it had a reasonable amount of time to respond to the

3

Subpoena.

Upon receipt of the Subpoena, Twitter was required to "expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification." 17 U.S.C. § 512(h)(2). Twitter failed to do so, instead objecting on December 14, 2020, primarily that a First Amendment analysis of the Subpoena was required.

In its objection letter, Twitter stated that it "has sent notice and a copy of your subpoena to the email address associated with the accounts that were properly identified in your subpoena"—i.e., MoneyBags. Throughout January, 2021, the parties met and conferred regarding Bayside filing a motion to compel Twitter to comply with the Subpoena. Despite Twitter's repeated insistence that Sheth either owned the Photographs or had an interest in Bayside, Bayside made clear several times that such statements were false.[3] Notwithstanding the fact that the parties were meeting and conferring about Bayside's motion to compel, Twitter filed its Motion to Quash without notice on January 23, 2021. (Allen Decl. ¶ 11, Ex. 7).

### III. Legal Standard

Section 512(h)(5) provides that "[u]pon receipt of the issued subpoena … the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification." Section 512(h)(6) subsequently provides that "the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum."

---

[3] Omitted from the correspondence attached to the Declaration of Hayden M. Schottlaender in Support of Twitter's Motion to Quash (Dkt. No. 5-1) was counsel for Bayside's letter of January 20, 2021 distinguishing the caselaw cited by Twitter to that point and informing Twitter, among other things, that "the photos are exclusively and solely owned and controlled by our client Bayside Advisory LLC, the photos are registered with the United States Copyright Office reflecting that Bayside is the sole owner, **Mr. Sheth never had any ownership or control interest in the photos and that Mr. Sheth does not own or control any interest in Bayside**." (Emphasis in original) (Allen Decl. ¶ 9, Ex. 6).

Under Rule 45(d)(2)(B), if the subpoenaed party serves a written objection, then "the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Further, "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

The party issuing a subpoena must demonstrate that the discovery sought is relevant, and "the party resisting discovery bears the burden to demonstrate why discovery should not be permitted." *Rich v. Butowsky*, 2020 WL 5910069, at *2 (N.D. Cal. Oct. 6, 2020) (Ryu, J.)

## IV. Statement of the Issues

Pursuant to Local Rule 37-2, Bayside sets forth the discovery request at issue in full, followed by Twitter's objections.

The Subpoena:
All identifying information, including but not limited to real names, IP addresses, MAC addresses, email addresses, and telephone numbers, associated with the Twitter account "@CallMeMoneyBags" accessible at the URL "https://twitter.com/callmemoneybags"

Twitter's Objections:

First, Twitter objects that you provided it with only one day to respond to your subpoena. Such a truncated return period is particularly unreasonable given Twitter's size and the volume of legal process that it receives.

Second, Twitter objects that to the extent you seek to unmask anonymous speakers, you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker. In order to unmask an anonymous speaker, a litigant must "persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields*, 385 F. Supp. 2d at 975-76). If a plaintiff makes this showing, the court must then "assess and compare the magnitude of harms that would be caused" to the plaintiff's and defendant's competing interests if the court ordered disclosure of the speaker's identity." *Id. See Smythe v. Does 1-10*,

No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying motion to enforce subpoena against Twitter where movant failed to overcome user's First Amendment right to anonymous speech).

Third, Twitter objects to your request(s) as overbroad because Twitter does not understand your need for "all" identifying information. All discovery requests must be relevant to a claim or defense or the subject matter of the underlying action. *See, e.g.*, Fed. R. Civ. P. 26(b); l discovery requests must be relevant to a claim or defense and proportional to the needs of the case. *See, e.g.,* Fed. R. Civ. P. 26(b)(1); *Ball v. Cty. of Riverside*, No. CV1480081MISCJSTKAW, 2014 WL 12607805, at *1 (N.D. Cal. Apr. 25, 2014) (rejecting subpoenas as "overbroad and unduly burdensome" where they required Google, a nonparty, to identify and produce "any and all [street view] photos" posted "at any time" along a one-mile stretch of road). Here, it is unclear why you require five or more categories of identifying information.

Fourth, Twitter objects to the extent that your subpoena requests information that Twitter does not retain in a producible format.

Fifth, Twitter objects to the extent your requests contemplate electronically stored information from sources that could be unreasonably inaccessible because of undue burden or cost. *See* Fed. R. Civ. P. 45(e)(1)(D).

## V.  Meet-and-Confer Process

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-1(a), counsel for the parties met and conferred by letter, email, and telephone in the weeks after Twitter served its objections on December 14, 2020. Over the course of the meet-and-confer process, it became clear that Twitter's only bona fide objection to the Subpoena was its second, that a court must consider whether MoneyBags' conduct is protected by the First Amendment before it would produce identifying information. The parties were unable to resolve this issue.

## VI.  Argument

### A.  MoneyBags' Identity Is Relevant

As discussed above, as the issuing party, Bayside must demonstrate that the discovery it seeks is relevant. In accordance with the requirements of section 512(h), Bayside seeks MoneyBags' identity for the purpose of protecting its rights under the Copyright Act. In other words, Bayside seeks MoneyBags' true identity so that it may file and serve a lawsuit for copyright infringement against him. The identity of an alleged defendant is relevant and is the

proper subject of discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."); *see also Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1157 (N.D. Cal. 2013) (noting that copyright infringement plaintiff has an interest in obtaining the identity of alleged infringer "as personal service will facilitate discovery, including a potential pre-trial deposition, and prevent [plaintiff] from being forced to rely on [infringer's] good faith engagement in the litigation to move forward.").

### B. Bayside Has Demonstrated That MoneyBags' Conduct Is Not Protected by the First Amendment.

In its Opposition to Twitter's Motion to Quash—*see generally* Dkt. No. 9—Bayside has made a prima facie showing that MoneyBags has engaged in copyright infringement, an activity not protected by the First Amendment. Bayside has also satisfied the additional tests that some courts have required before ordering the disclosure of the identity of an anonymous copyright infringer. Additionally, the copying of the Photographs by MoneyBags does not constitute fair use. To avoid unnecessary duplication of effort by the Court and the parties, Bayside incorporates by reference sections IV(A)-(F) of its Opposition as if fully set forth herein, and contends that these arguments are sufficient for the Court to overrule Twitter's second objection to the Subpoena.[4]

### C. Twitter's Remaining Objections Are Meritless.

Twitter's first objection, that it was only provided one day to respond to the Subpoena was cured by the cover letter that was served along with the Subpoena. In the cover letter, counsel for Bayside gave Twitter an additional two weeks to respond. With the compliance

---

[4] Bayside further notes that a fair use is appropriately raised by *MoneyBags* as a defense to copyright infringement, not by Twitter in resisting compliance with the Subpoena. *See Automattic*, 941 F. Supp. 2d at 1158 ("[The alleged infringer] will be able to raise his fair use defense in those proceedings.").

7

1  deadline being months ago and Twitter still not complying with the Subpoena, Twitter cannot
2  seriously maintain that it did not have a reasonable amount of time to disclose MoneyBags'
3  identifying information. Twitter's failure to stand by this objection during the meet-and-confer
4  process or raise it in its Motion to Quash indicates that Twitter does not maintain its first
5  objection.

6       Twitter's third objection is that the Subpoena is overbroad. To the contrary, Bayside's
7  Subpoena seeks only the information necessary to learn MoneyBags' true identity. *See In re*
8  *DMCA Subpoena to eBay, Inc.*, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2020) (section
9  512(h) subpoena not overbroad in requiring the production of sufficient information to identify
10 the alleged infringers); *BMP Media USA, Inc. v. Crowdgather, Inc.*, 2014 WL 12601054, at *2
11 (C.D. Cal. July 28, 2014) (requests seeking the disclosure of the identities of alleged copyright
12 infringers not overbroad); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566
13 (S.D.N.Y. 2004) (discovery request seeking the name, address, telephone number, email address,
14 and Media Access Control address for each Doe defendant was "sufficiently specific to establish
15 a reasonable likelihood that the discovery request would lead to identifying information that
16 would make possible service upon particular defendants who could be sued in federal court.").
17 Twitter is required under the provisions of section 512(h) to "expeditiously disclose …
18 information sufficient to identify the alleged infringer of the material described in the
19 notification to the extent such information is available to the service provider." Since
20 MoneyBags is anonymous, Bayside has no way of knowing what identifying information he has
21 provided to Twitter. Accordingly, Bayside seeks all the identifying information that Twitter
22 maintains, so that Bayside can unmask MoneyBags and pursue its claim for copyright
23 infringement against him.

24       Twitter's fourth and fifth objections are vague in that they object "to the extent that" the
25 Subpoena seeks information that Twitter does not maintain in producible format and that "could
26 be unreasonably inaccessible," respectively. It is not clear that the Subpoena actually seeks such
27 information and, indeed, Twitter's failure to stand by this objection during the meet-and-confer
28 process and in its Motion to Quash indicates that it does not. Regardless, Twitter should be

compelled to produce the identifying information for MoneyBags that it maintains in a producible, reasonably accessible format.

**VII.     Conclusion**

Bayside respectfully requests that the Court issue an order compelling Twitter to comply in full with the Subpoena within five days of entry of the order.

DATED: February 4, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: */s/ Robert E. Allen*
ROBERT E. ALLEN
Attorneys for Petitioner
*Bayside Advisory LLC*