Julie E. Schwartz, CA Bar No. 260624
JSchwartz@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
T: 650.838.4300
F: 650.838.4350

Hayden M. Schottlaender, TX Bar No. 24098391
Admitted *PHV*
HSchottlaender@perkinscoie.com
**PERKINS COIE LLP**
500 N. Akard St., Suite 3300
Dallas, TX 75214
T: 214.965.7700
F: 214.965.7799

Attorneys for Movant
**TWITTER, INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re DMCA Sec. 512(h) Subpoena to Twitter, Inc.* | Case No. 4:20-mc-80214 DMR<br><br>**TWITTER'S OPPOSITION TO MOTION TO COMPEL**<br><br>Date:   March 11, 2021<br>Time:   1:00 p.m.<br>Judge:  Hon. Donna M. Ryu<br>        Courtroom 4, 3rd Floor |

Twitter, Inc. ("Twitter") has moved the Court to quash a subpoena served on it by Bayside Advisory LLC ("Bayside"). Bayside's subpoena asks Twitter to produce identifying information for a user on Twitter's platform. Twitter's motion argues that the Court should quash Bayside's subpoena because that user has a First Amendment right to anonymity, and it does not appear that Bayside can overcome that right.

Bayside has opposed Twitter's motion to quash [Doc. No. 9] and separately filed this motion to compel Twitter's compliance with their subpoena. [Doc. 10 (the "Motion")]. Twitter opposes the Motion on the same First Amendment bases outlined in Twitter's motion to quash and hereby incorporates those arguments made in its motion and in its reply in support of same.[1] [Doc. Nos. 5, 13.] The Court should deny Bayside's Motion if it finds that Bayside has not satisfied the First Amendment standards protecting the user's right to anonymity.

Separately, even if the Court denies Twitter's motion to quash, the Court need not compel Twitter to disclose responsive information. If Twitter's First Amendment objection is overruled, Twitter will produce information responsive to the subpoena after notifying the user, in accordance with Twitter's ordinary user notice practices.[2]

---

[1] Twitter notes that Bayside has similarly incorporated its First Amendment arguments from Twitter's motion to quash into the instant Motion.

[2] Twitter objected to the subpoena on other grounds, including that the subpoena was overbroad. But because Bayside has made clear that it seeks only "the identifying information for [the user] that it maintains in a producible, reasonably accessible format," that objection is no longer necessary. Twitter would produce such information if its pending motion to quash were denied.

DATED: February 18, 2021 /s/ *Hayden M. Schottlaender*
Julie E. Schwartz, CA Bar No. 260624
JSchwartz@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, CA 94304-1212
T: 650.838.4300
F: 650.838.4350

Hayden M. Schottlaender,
TX Bar No. 24098391
Admitted *PHV*
HSchottlaender@perkinscoie.com
**PERKINS COIE LLP**
500 N. Akard St., Suite 3300
Dallas, TX 75214
T: 214.965.7700
F: 214.965.7799

Attorneys for Movant
**TWITTER, INC.**