ROBERT E. ALLEN (SBN 166589)
rallen@glaserweil.com
LAWRENCE M. HADLEY (SBN 157728)
lhadley@glaserweil.com
THOMAS P. BURKE JR. (SBN 288261)
tburke@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Petitioner
Bayside Advisory LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA § 512(h) SUBPOENA TO TWITTER, INC. | CASE NO.: 4:20-mc-80214-DMR<br><br>**PETITIONER BAYSIDE ADVISORY LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**<br><br>Date: March 11, 2021<br>Time: 1:00 p.m.<br>Judge: Hon. Donna M. Ryu<br>Courtroom 4, 3rd Floor |

## I. INTRODUCTION

Twitter, Inc. ("Twitter") opposes Bayside Advisory LLC ("Bayside")'s motion to compel (Dkt. 10) on the same First Amendment grounds that Twitter argues support its motion to quash (Dkt. 5), and concedes that if its motion to quash is denied, it will comply with Bayside's 512(h) subpoena (the "Subpoena"). (Dkt. 16 at 2). Twitter has failed to meet its burden to quash the Subpoena for at least three reasons. First, Twitter makes disingenuous First Amendment claims and speculates without any evidence on Bayside's motives in serving the Subpoena. Second, Twitter fails to negate Bayside's valid copyright infringement claim. Third, Twitter argues for the wrong standard in evaluating a 512(h) subpoena, while effectively conceding that Bayside has met all of the elements under the test in *Sony Music*, the only copyright infringement case cited favorably by the Ninth Circuit. Consequently, the Court should grant Bayside's motion to compel Twitter to comply with the Subpoena.

## II. ARGUMENT

### A. Twitter Makes Disingenuous First Amendment Claims and Baselessly Speculates on Bayside's Motives

Twitter falsely claims that Bayside is attempting to unmask a Twitter user ("MoneyBags") for commenting on a newsworthy billionaire, thereby chilling MoneyBags' First Amendment speech. (Dkt. 13 at 5). Bayside is not. As was clear in its opposition to the motion to quash (Dkt. 9), Bayside seeks the identity of a copyright infringer pursuant to the DMCA. The First Amendment does not afford protection for copyright infringement, nor are copyright infringer identities protected from disclosure by the First Amendment. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 556 (1985); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). Bayside has never requested MoneyBags' tweets be removed. The commentary in those tweets remained after Bayside's DMCA notice, and their textual comment is of no concern to Bayside. What is of great concern to Bayside is the unauthorized use of several of its copyrighted Photographs simply as an illustrative aid to those tweets, which does not constitute fair use.

Also without any evidence, Twitter questions Bayside's motive in demanding Twitter take down the Photographs and identify their infringer, as if being a copyright owner does not

suffice. (Dkt. 13 at 12 and 9-10). Contrary to Twitter's baseless conjecture, Bayside is a communications and strategic advisory firm that, among other things, advises and partners with creators, artists, and entrepreneurs to protect, promote, and champion creative expression. Bayside owns a catalog of photographs (the Photographs are only a small part of the catalog) to exploit for those purposes. What Twitter is attempting to do with its motion to quash is diminish the rights of copyright holders by forcing them to navigate the court system and fight diligently, and at great cost and expense, to get basic information about those who infringe their copyrights.

### B.  Twitter Fails To Negate Bayside's Valid Copyright Infringement Claim

Twitter claims that MoneyBags did not commit copyright infringement, yet does not challenge the two elements of copyright infringement—ownership and unauthorized copying—that establish a prima facie claim. Twitter also ignores Ninth Circuit caselaw, denying a motion to quash or otherwise ordering the disclosure of the identity of a similar copyright infringer.[1] Instead, without any evidence and acknowledging that it does not have all of the facts,[2] Twitter argues that the use of the Photographs was fair use. As discussed below, Twitter has not met and cannot meet its burden. Twitter also argues that this Court should make that determination, even though this Court has declined that invitation and determined that the infringer can raise the fair use defense in a copyright infringement action. *Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1158 (N.D. Cal. 2013).[3]

Twitter also fails to establish that any of the fair use factors favor fair use. As to the first factor, Twitter ignores the requirement, as laid out by the United States Supreme Court, that the heart of a claim for transformative use is "the use of some elements of a prior author's composition to create a new one that, at least in part, comments on *that author's works*."

---

[1] *See, e.g.*, *IO Group v. J.W.*, 2011 WL 237673, at *2 (N.D. Cal. Jan. 24, 2011) (Ryu, J.); *BMP Media USA, Inc. v. Crowdgather, Inc.*, 2014 WL 12601054, at *1 (C.D. Cal. July 28, 2014); *In re Subpoena Issued Pursuant To The Digital Millennium Copyright Act To: 43SB.COM, LLC.*, 2007 WL 4335441, at *4 (D. Idaho Dec. 7, 2007); *UMG Recordings, Inc. v. Does 1-4,* 2006 WL 1343597, at *2-*3 (N.D. Cal. Apr. 19, 2006).

[2] *See, e.g.,* Dkt. 5 at 11; Dkt 5-1 ¶ 5.

[3] Twitter fails to address that in *In re DMCA Subpoena to Reddit, Inc.*, the salient facts were not disputed and the record was well developed, unlike the case here, 441 F. Supp. 3d 875, 883-84 (N.D. Cal. 2020), or that fair use is a mixed question of law and fact. *Harper*, 471 U.S. at 560.

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 580 (1994) (emphasis added). Twitter concedes, as it must, that MoneyBags did not comment *on the Photographs* or other works owned by Bayside,[4] without which there can be no transformation. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1175 (9th Cir. 2012). Twitter also does not address that the addition of headlines or captions, like the text in MoneyBags' tweets, does not constitute a transformative use. *Id.*; *Lucasfilm Ltd. v. Ren Ventures*, 2018 WL 5310831, at *4 (N.D. Cal. June 29, 2018). Contrary to Twitter's arguments, this case is nothing like *Katz v. Google Inc.*, a case about a photo *of the plaintiff* in blog posts *critical of the plaintiff*—"used Katz's purportedly 'ugly' and 'compromising' appearance to ridicule and satirize his character." 802 F.3d 1178, 1182-83 (11th Cir. 2015). No similar commentary appeared in any of MoneyBags' tweets.[5] As to commerciality, Twitter attempts to shift its burden to Bayside to prove commerciality, when it is Twitter's burden to prove that the use was non-commercial, which it did not do in its motion to quash. Nor does Twitter address the profit/non-profit analysis in *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1117-18 (9th Cir. 2000) as set forth in Bayside's opposition to quash. (Dkt. 9 at 24).

  As to the second factor, Twitter argues that the Photographs are "candid," even though they are not and, even if they were, there is no legal basis to distinguish candid from non-candid photographs in a fair use analysis. *Monge*, 688 F.3d at 1177; *Baraban v. Time Warner, Inc.,* 2000 WL 358375, at *4 (S.D.N.Y. Apr. 6, 2000) ("Although photographs are often 'factual or informational in nature,' the art of photography has generally been deemed sufficiently creative to make the second fair use factor weigh in favor of photographer-plaintiffs.").

  Citing no authority, Twitter claims that the third factor is irrelevant to fair use analysis involving photographs.[6] Worse, Twitter ignores that it significantly misquoted *Seltzer v. Green*

---

[4] Dkt. 5 at 11; Dkt. 13 at 7-8.

[5] Twitter similarly cites *Sedgwick Claims Mgmt. Svcs., Inc. v. Delsman*, 2009 WL 2157573, at *5 (N.D. Cal. July 17, 2009), a case where the defendant transformed photos of the plaintiff's employees to comment on the plaintiff.

[6] In fact, Twitter cites *Katz* in its motion to quash for the proposition that this factor "weighs less" for copyright of a photograph, not that it is irrelevant. (Dkt. 5 at 17)

3

*Day, Inc.* 725 F.3d 1170, 1176 (9th Cir. 2013) in its motion to quash by failing to acknowledge that an infringer may not take more than is necessary for the intended use. (Dkt. 9 at 25-26).

Twitter concedes that it offers no evidence on the fourth factor. (Dkt. 13 at 10). Contrary to Twitter's claim that this factor is neutral, Twitter's omission weighs against finding fair use. *Campbell*, 510 U.S. at 594; *Monge*, 688 F.3d at 1181.

In light of Twitter's failure to establish that any of the factors favor fair use, a balancing of the factors results in a finding that the use of the Photographs was not fair use.

### C.  Twitter Argues For The Wrong Standard in Evaluating a 512(h) Subpoena

Twitter argues that this Court should apply the test set forth in *Highfields* to determine whether to quash the 512(h) subpoena.[7] Yet Twitter cites no case that applied the *Highfields* test, a case involving defamation, to a 512(h) subpoena.[8] Nor has Twitter addressed the fact that the Ninth Circuit cited favorably *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004), in *In re Anonymous Online Speakers*, 661 F.3d 1168, 1175 (9th Cir. 2011), or that *Sony Music* is the only case involving copyright infringement cited in that opinion.

Many courts, including the Second Circuit and this Court, that have addressed the disclosure of the identity of a copyright infringer have utilized the *Sony Music* test. *Arista Records*, 604 F.3d at 119; *Crowdgather*, 2014 WL 12601054, at *2; *UMG Recordings, Inc.*, 2006 WL 1343597, at *2-*3. Importantly, Twitter does not dispute that Bayside has satisfied all of the *Sony Music* factors, thereby requiring it to disclose the copyright infringer MoneyBags' identity in accordance with the DMCA and the 512(h) subpoena.

### IV.  **CONCLUSION**

The Court should grant Bayside's motion to compel and order Twitter to comply with the Subpoena.

---

[7] Twitter does not challenge that the district court in *Highfields* quashed the subpoena solely because the plaintiff had failed to adduce sufficient evidence of the viability of any of plaintiff's claims (none of which were for copyright infringement).

[8] In fact, Twitter prominently cites *Reddit*, which rejected the *Highfields* test for use in cases involving copyright infringement and the DMCA. 441 F. Supp. 3d at 882.

1 | DATED: February 19, 2021

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: */s/ Robert E. Allen*
    ROBERT E. ALLEN
    Attorneys for Petitioner
    *Bayside Advisory LLC*