UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DMCA § 512(H) SUBPOENA TO TWITTER, INC. | Case No. 20-mc-80214-DMR<br><br>**ORDER RE: MOTIONS TO QUASH AND TO COMPEL**<br><br>Re: Dkt. Nos. 5, 10 |

In October 2020, Bayside Advisory LLC ("Bayside") issued a "takedown" notice to Twitter, Inc. ("Twitter") under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c), requesting that it remove six photos posted on Twitter by user @CallMeMoneyBags. Bayside contends that it owns the copyrights in the photos. Bayside subsequently served Twitter with a DMCA subpoena for information identifying the user(s) of the @CallMeMoneyBags account. [Docket Nos. 1-3.] Twitter filed a motion arguing that the subpoena should be quashed unless the court finds that Bayside has satisfied the requisite First Amendment safeguards that apply in such circumstances. [Docket No. 5 (Mot. to Quash).] Twitter asserts that "the subpoena is unlikely to survive First Amendment scrutiny," because @CallMeMoneyBags's tweets "appear to constitute a fair use of Bayside's photographs such that Bayside could not possibly maintain a copyright infringement action." *Id*. at 10 (quoting 17 U.S.C. § 107 ("the fair use of a copyrighted work . . ., for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright.")). It states that unmasking @CallMeMoneyBags "may invite social ostracism, expose them to harassment, or prevent future employment opportunities." Mot. to Quash 14.

In response, Bayside argues that the user of @CallMeMoneyBags infringed its copyrights

in the photos, and that the First Amendment does not protect copyright infringement or the identity of copyright infringers. It contends, among other things, that @CallMeMoneyBags's use of the photos did not constitute fair use. [Docket No. 9 (Opp'n) 14-22.] Bayside also moves to compel Twitter to comply with the subpoena. [Docket No. 10.]

Twitter "sent notice and a copy of [Bayside's] subpoena to the email address associated with the" @CallMeMoneyBags account; however, the user has not appeared in this action. [Docket No. 5 (Schottlaender Decl., Jan. 23, 2021) ¶ 7, Ex. A-2.]

Under the Copyright Act, "the fair use of a copyrighted work is permissible because it is a non-infringing use." *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1152 (9th Cir. 2016) (citing 17 U.S.C. § 107). To determine whether a work constitutes fair use, courts "engage in a case-by-case analysis and a flexible balancing of relevant factors." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 800 (9th Cir. 2003). The four factors are:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.* (citation omitted); *see* 17 U.S.C. § 107. "All are to be explored, and the results weighed together, in light of the purposes of copyright." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994). "Fair use is a mixed question of law and fact." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021) (quotation and citation omitted).

To the extent the court must reach the issue of whether @CallMeMoneyBags's use of the photos constitutes fair use, it lacks a well-developed record on which to base any ruling. *See, e.g., In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 884 (N.D. Cal. 2020) (conducting fair use analysis where "[t]he record is well developed, and neither side contends that any evidence material to the fair use inquiry is missing," noting "the salient evidence is not meaningfully disputed."). In particular, "[w]ith respect to the first factor of the purpose and character of the use, the key question is whether the new use was 'transformative,' that is, whether the use added some new purpose or meaning to the original." *Id*. (citing *Campbell*, 510 U.S. at 579). In this case,

1    Twitter states that "[i]t appears the anonymous Twitter user here posted those candid photographs
2    for the purpose of criticizing or satirizing Sheth." Mot. to Quash 12. Twitter speculates. The
3    purpose and meaning of the tweets is not clear. They include hashtag references which are not
4    obvious. Evidence regarding the user's purpose and intended meaning is likely available only
5    from the individual(s) who posted the tweets. *See, e.g., In re DMCA Subpoena to Reddit*, 441 F.
6    Supp. 3d at 884-85 (discussing anonymous speaker's statements regarding the purpose of his use
7    of copyrighted works). The facts relevant to the first factor may also impact the third, which
8    examines "the amount and substantiality of the portion used in relation to the copyrighted work as
9    a whole." *Campbell*, 510 U.S. at 586-87 (quoting 17 U.S.C. § 107(3)). As the Supreme Court has
10   explained, when examining the third factor, "the enquiry will harken back to the first of the
11   statutory factors" because "the extent of permissible copying varies with the purpose and character
12   of the use." *Id.*

13   Additionally, to the extent the court determines it is necessary and appropriate to "balance
14   'the magnitude of the harms that would be caused to the competing interest by a ruling in favor of
15   [Bayside] and by a ruling in favor of [Twitter and the user of the @CallMeMoneyBags account],'"
16   the court lacks sufficient information to do so. *See Art of Living Foundation v. Does*, No. 10-cv-
17   05022 LHK, 2011 WL 5444622, at * (N.D. Cal. Nov. 9, 2011) (quoting *Highfields Capital Mgmt.*
18   *L.P. v. Doe*, 385 F. Supp. 2d 969, 980 (N.D. Cal. 2005)). As noted, Twitter contends that
19   unmasking @CallMeMoneyBags "may invite social ostracism, expose them to harassment, or
20   prevent future employment opportunities," but this too is speculative.

21   Accordingly, the court shall give the user(s) of the @CallMeMoneyBags account an
22   opportunity to provide information supporting the foregoing inquiries, including evidence
23   regarding any claim of fair use of the photos and the harms that could result if the court rules in
24   favor of Bayside on the motions to quash and to compel. Twitter shall immediately serve a copy
25   of this order along with the complete briefing on Twitter's motion to quash and Bayside's motion
26   to compel on the email address associated with the @CallMeMoneyBags account, and file a
27   declaration attesting to the same by November 10, 2021. By no later than December 10, 2021, the
28   user(s) of the @CallMeMoneyBags account may specially appear and file evidence regarding fair

use and/or the harms that may result if the court denies the motion to quash and grants the motion to compel. The user(s) may appear anonymously for the purpose of submitting such evidence. The court will take the matter under submission after December 10, 2021.

**IT IS SO ORDERED.**

Dated: November 4, 2021



Donna M. Ryu
United States Magistrate Judge

4