1  Julie E. Schwartz, CA Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, Washington 98101-3099
   Telephone:   206.359.8000
4  Facsimile:   206.359.9000

5  Hayden M. Schottlaender, TX Bar No. 24098391
   (Admitted *pro hac vice*)
6  HSchottlaender@perkinscoie.com
   PERKINS COIE LLP
7  500 N. Akard Street, Suite 3300
   Dallas, Texas 75201
8  Telephone:   214.965.7700
   Facsimile:   214.965.7799

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14                                    Case No. 4:20-mc-80214-DMR

15

16  IN RE DMCA § 512(h) SUBPOENA TO    **NOTICE OF MOTION AND MOTION
    TWITTER, INC.,**                    **FOR DE NOVO DETERMINATION
17                                      **OF DISPOSITIVE MATTER
                                        **REFERRED TO MAGISTRATE
18                                      **JUDGE**

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on _____, 2022, at _____, or as soon thereafter as this matter may be heard, Movant and Non-Party Twitter, Inc. will, and hereby does, move for *de novo* determination of a dispositive matter referred to a magistrate judge.[1]

In filing this Motion, Twitter asks that the Court quash the subpoena issued to it by Bayside Advisory, LLC and deny Bayside's motion to compel Twitter's compliance with that subpoena. Twitter's Motion arises under 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), and Local Rule 72-2. Twitter's Motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, and any such other matters as the Court may consider.

Dated:  January 7, 2022                    PERKINS COIE LLP


                                           By: */s/ Julie E. Schwartz*
                                           Julie E. Schwartz, CA Bar No. 260624
                                           Hayden M. Schottlaender, TX Bar No. 24098391

---

[1] In the alternative, if the Court finds that this is a nondispositive matter, Twitter moves the Court for relief from a nondispositive pretrial order referred to a magistrate judge.

# TABLE OF CONTENTS

**Page**

OBJECTIONS TO MAGISTRATE'S ORDER .................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................... 1

I.      INTRODUCTION ................................................................................... 1

II.     BACKGROUND FACTS ......................................................................... 3

III.    REVIEW IS *DE NOVO* ......................................................................... 4

IV.     THE MAGISTRATE JUDGE ERRED IN DENYING TWITTER'S
        MOTION TO QUASH AND GRANTING BAYSIDE'S MOTION TO
        COMPEL.................................................................................................. 5

        A.      The Order erred in exclusively placing the burden on the user to
                establish fair use. ....................................................................... 5

        B.      The record before the Court establishes that the Tweets
                constituted fair use. .................................................................... 7

        C.      The Order errs in its application of the *Highfields* balancing test. .......... 9

V.      CONCLUSION ..................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Art of Living Found. v. Does 1-10,*
  No. 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ................ 6, 10

*Brammer v. Violent Hues Prods., LLC,*
  922 F.3d 255 (4th Cir. 2019) .......................................................................... 7

*Brownmark Films, LLC v. Comedy Partners,*
  682 F.3d 687 (7th Cir. 2012) .......................................................................... 7

*Campbell v. Acuff-Rose Music, Inc.,*
  510 U.S. 569 (1994) ................................................................................ 5, 8, 9

*Cariou v. Prince,*
  714 F.3d 694 (2d Cir. 2013) ........................................................................... 7

*E. Coast Test Prep LLC v. Allnurses.com, Inc.,*
  167 F. Supp. 3d 1018 (D. Minn. 2016) ............................................................. 6

*Highfields Capital Mgmt., L.P. v. Doe,*
  385 F. Supp. 2d 969 (N.D. Cal. 2005) ....................................................... 2, 7, 9

*In re DMCA Subpoena to Reddit, Inc.,*
  441 F. Supp. 3d 875 (N.D. Cal. 2020) ........................................................... 4, 8

*In re Grand Jury Subpoena Issued to Twitter, Inc.,*
  No. 3:17-MC-40-M-BN, 2017 WL 9485553 (N.D. Tex. Nov. 7, 2017),
  *report and recommendation adopted*, 3:17-MC-40-M-BN, 2018 WL
  2421867 (N.D. Tex. May 3, 2018) ................................................................. 6, 7

*In re Grand Jury Subpoena No. 16-03-217,*
  875 F. 3d 1179 (9th Cir. 2017) ....................................................................... 6

*In re PGS Home Co. Ltd.,*
  19-MC-80139-JCS, 2019 WL 6311407 (N.D. Cal. Nov. 25, 2019) ..................... 10

*In the Matter of the Search of Content Stored at Premises Controlled by*
  *Google Inc. and as Further Described in Attachment A,*
  No. 16-mc-80263-RS, 2017 WL 3478809 (N.D. Cal. Aug. 14, 2017) ................. 4

*Katz v. Google Inc.,*
  802 F.3d 1178 (11th Cir. 2015) ....................................................................... 8

-ii-

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Leibovitz v. Paramount Pictures Corp.,*
137 F. 3d 109 (2d Cir. 1998) ........................................................................ 9

*Lenz v. Univ. Music Grp.,*
815 F.3d 1145 (9th Cir. 2016) ...................................................................... 5

*Mitchell v. Valenzuela,*
791 F.3d 1166 (9th Cir. 2015) ...................................................................... 4

*Music Group Macao Commercial Offshore Ltd. v. Does,*
82 F. Supp. 3d 979 (N.D. Cal. 2015) .......................................................... 10

*N.L.R.B. v. Cable Car Advertisers, Inc.,*
319 F. Supp. 2d 991 (N.D. Cal. 2004) ........................................................ 4

*Perry v. Schwarzenegger,*
268 F.R.D. 344 (N.D. Cal. 2010) ............................................................. 4, 9

*U.S. v. Reyna-Tapia,*
328 F.3d 1114 (9th Cir. 2003) ...................................................................... 4

STATUTES

17 U.S.C. § 512(h) ........................................................................... 1, 5, 6

28 U.S.C. § 636 .................................................................................... 1, 4

RULES

L.R. 72 ............................................................................................... 1, 4, 7

Fed. R. Civ. P. 72(b) ............................................................................ 1, 4

Fed. R. Civ. P. 73 ...................................................................................... 4

OTHER AUTHORITIES

Mike Masnick, *The Curious Case Of Billionaire Brian Sheth, An
Anonymous Tweeter, Copyright Law, Twitter, And Some Company
That Barely Seems To Exist* (Nov. 11, 2021)
https://tinyurl.com/36bzj9w3 .................................................................. 3

4:20-MC-80214-DMR
MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE

## OBJECTIONS TO MAGISTRATE'S ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), and Local Rule 72-2, Twitter objects to the Order on Motion to Quash and Motion to Compel [Doc. 21] (the "Order"). Twitter objects for the following reasons, as further discussed in Twitter's Memorandum in Support.

      1.     The Magistrate Judge erred in issuing an order on a dispositive matter instead of a Report and Recommendation.

      2.     The Magistrate Judge erred in holding that the burden of establishing fair use in this context is on the anonymous user targeted by the subpoena at issue.

      3.     The Magistrate Judge erred in failing to recognize that the anonymous user's Tweets constituted fair use.

      4.     The Magistrate Judge erred in holding that it could not engage in the balancing of harms required by the prevailing First Amendment standard without evidence submitted by @CallMeMoneyBags.

      5.     The Magistrate Judge erred in its balancing of harms required by the prevailing First Amendment standard.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Twitter respectfully moves for a *De Novo* Determination of Dispositive Matters referred to Magistrate Judge Donna M. Ryu in this matter.

At issue is a subpoena issued to Twitter by Bayside Advisory LLC under 17 U.S.C. § 512(h) that seeks information sufficient to identify a Twitter user, @CallMeMoneyBags, purportedly as a precursor to a copyright claim. Bayside alleges that @CallMeMoneyBags infringed Bayside's copyrights that it holds on a handful of candid snapshots of women. But @CallMeMoneyBags appears to be engaging in a fair use of the snapshots, using them to criticize billionaire Brian

-1-

1    Sheth. Concerned that the subpoena is designed to suppress speech critical of a

2    billionaire, rather than vindicate a valid copyright claim, Twitter moved to quash

3    the subpoena, arguing that Bayside has not satisfied the First Amendment

4    safeguards applicable to unmasking anonymous online speakers.

5         Critical to Twitter's motion to quash is the recognition that enforcement of

6    this subpoena is not the "first step" of a copyright claim—it is instead the end. Once

7    the user is unmasked, immeasurable First Amendment harm will be done, critical

8    speech will be chilled, and Bayside will have accomplished its goal. *See Highfields*

9    *Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 980 (N.D. Cal. 2005). As this Court

10   has previously recognized, "enforcing a subpoena in this kind of setting poses a real

11   threat to chill protected comment on matters of interest to the public. Anonymity

12   liberates." *Id.*

13        On December 29, 2021, Magistrate Judge Donna M. Ryu issued the Order,

14   requiring Twitter to produce identifying information for @CallMeMoneyBags.[2]

15   Twitter objects to three portions of the Order:

16        First, while the burden of establishing fair use is "always" on the putative

17   infringer in a copyright action, this is not a copyright action. It is pre-suit discovery

18   being sought from Twitter about one of its users. A platform's ability to assert the

19   First Amendment's protections on behalf of its anonymous users is well-established

20   and is not diminished upon mention of copyright. And as a matter of policy, a

21   platform must be permitted to raise fair use on behalf of its users to protect

22   continued creative fair use on that platform and to prevent copyright law from being

23   weaponized to suppress and censor speech critical of a public figure.

24        Second, regardless of who bears the burden of establishing fair use, the record

25   presently before the Court establishes that the Tweets at issue did not infringe on

26   _____

27   [2] Bayside opposed Twitter's motion and filed its own motion to compel Twitter's compliance with the subpoena. The Order ruled on both motions, denying Twitter's motion and granting Bayside's motion. The lone issue dispositive of both motions is

28   whether Bayside's subpoena survives First Amendment scrutiny.

-2-

Bayside's copyrights because they constituted fair use. The Tweets, from which the user could not derive any revenue, contained candid images of scantily-clad women beside that user's own critical commentary, such as: "The only thing better than having a wife…is having a hot young girlfriend" and "This is how he spends his money. I would say this is a good investment!" While further testimony from the anonymous user might assist in a fair use inquiry, it is not necessary. The evidence already existing before the Court—the Tweets themselves—is sufficient to establish fair use.

Third, and finally, Twitter objects to the Order's determination that it could not engage in the balancing of harms required by the prevailing First Amendment standard without evidence submitted by @CallMeMoneyBags. That burden is reversed; it is Bayside who bears the burden of establishing that the benefit it would enjoy from unmasking overcome the self-evident harms that it would cause. Consequently, this Court has, on several occasions, undertaken that balancing test without an anonymous user's participation. And Bayside has not, in any briefing thus far, articulated any harm it would suffer should the subpoena be quashed. That silence is further support for Twitter's position that Bayside is not pursuing this subpoena in anticipation of a copyright action. It is a company "that barely seems to exist,"[3] attempting to suppress commentary criticizing a billionaire by alleging "infringement" with no commercial impact on the copyrighted images. The balance of harms does not tip in its favor.

## II.    BACKGROUND FACTS

For purposes of this Motion, Twitter does not dispute the background provided by Magistrate Judge Ryu in the Order dated December 29, 2021. [Doc. 21].

---

[3] Mike Masnick, *The Curious Case Of Billionaire Brian Sheth, An Anonymous Tweeter, Copyright Law, Twitter, And Some Company That Barely Seems To Exist*, (Nov. 11, 2021) https://tinyurl.com/36bzj9w3.

## III.   REVIEW IS *DE NOVO*

As a preliminary matter, the Court should review the Magistrate Judge's Order *de novo*. *See In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 882 (N.D. Cal. 2020) (reviewing *de novo* magistrate order denying motion to quash DMCA unmasking subpoena). As this Court has previously recognized, where a party moves to quash a subpoena issued prior to the institution of litigation, "the subpoena is its own civil case, and the motion to quash is dispositive of the sole issue presented." *Id.*; *see also N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991, 996 (N.D. Cal. 2004) (holding so because "[w]hen this motion is decided, the case will effectively be over."). A magistrate ruling on a dispositive matter must be reviewed *de novo*. Fed. R. Civ. P. 72(b)(3); *see also In the Matter of the Search of Content Stored at Premises Controlled by Google Inc. and as Further Described in Attachment A*, No. 16-mc-80263-RS, 2017 WL 3478809, at *2 (N.D. Cal. Aug. 14, 2017) (*de novo* review of magistrate judge's determination of motion to quash a search warrant appropriate because the matter is analogous to a dispositive motion and courts have routinely held that a magistrate judge's ruling pursuant to 28 U.S.C. § 636(b)(3) are accorded *de novo* review).[4]

---

[4] Twitter objects that the Magistrate Judge issued an order here at all. "The power of federal magistrate judges is limited by 28 U.S.C. § 636." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015) (quotation omitted). That statute provides that nondispositive matters may be referred to a magistrate judge for decision while dispositive motions may be referred only for proposed findings and recommendations. *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003). And, of course, the parties never consented to Magistrate Judge disposition pursuant to Federal Rule of Civil Procedure 73.

Should the Court instead construe the order as resolving a non-dispositive matter, (1) Twitter asks that this motion be construed as Motion for Relief from Nondispositive Pretrial Order pursuant to L.R. 72-2; and (2) review should still be *de novo*. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) ("The magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law.").

IV. **THE MAGISTRATE JUDGE ERRED IN DENYING TWITTER'S MOTION TO QUASH AND GRANTING BAYSIDE'S MOTION TO COMPEL**

### A. The Order erred in exclusively placing the burden on the user to establish fair use.

The Order quotes *Lenz* twice in holding that "the burden of proving fair use is always on the putative infringer." Order at 6, 8 (quoting *Lenz v. Univ. Music Grp.*, 815 F.3d 1145, 1152-53 (9th Cir. 2016)). On that basis, Magistrate Judge Ryu ruled: "the court is unable to conclude that @CallMeMoneyBags's use of Bayside's copyrighted photos constituted fair use *because the anonymous speaker did not augment the record in order to meet their burden*." Several similar portions of the Order make clear that a central pillar of that Order was the user's failure to appear in their own defense and "me[e]t its burden of establishing fair use." Order, at 9. That holding is in error.

While an alleged infringer no doubt bears the burden of establishing fair use in a copyright action against that infringer, this is not a copyright action. The alleged infringer here is not a party, has not been served with process, and has no legal obligation to risk their anonymity to appear in these proceedings. Twitter is not aware of authority anywhere in the country that has yet addressed whether a platform may establish fair use on behalf of its anonymous user in quashing a pre-suit Section 512(h) subpoena. But there are both legal and practical reasons to hold here that it can.

Legally, the very purpose of the fair use doctrine is to "permit[] and require[] courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994) (cleaned up). Thus, evaluating fair use "is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis." *Id.* (citations omitted). And in the case of platforms protecting their users' anonymity, a platform's standing and ability to defend the First Amendment rights of its users is well-established. *See, e.g., In re*

*Grand Jury Subpoena No. 16-03-217*, 875 F. 3d 1179, 1183 n.2 (9th Cir. 2017) (holding that Glassdoor has standing to "assert the rights of its users" because "its users would face 'genuine obstacles' to the assertion of their own putative right to anonymity.") (citation omitted); *see also In re Grand Jury Subpoena Issued to Twitter, Inc.*, No. 3:17-MC-40-M-BN, 2017 WL 9485553, at *3 (N.D. Tex. Nov. 7, 2017), *report and recommendation adopted*, 3:17-MC-40-M-BN, 2018 WL 2421867 (N.D. Tex. May 3, 2018) (collecting cases in civil litigation holding that "businesses that provide an online medium of expression may assert their online users' First Amendment rights in opposing a party's request for information").

As the Order correctly recognizes, fair use is itself a "built-in First Amendment accommodation[]" as it "balance[s] the competing interests of the First Amendment and the copyright laws." Order, at 5 (quoting *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 882 (N.D. Cal. 2020) (quotations omitted)). If platforms may bear the burden of establishing the First Amendment rights of their anonymous users wishing to stay anonymous, and if fair use is a First Amendment right, then logic and the law dictate that platforms may also establish fair use on behalf of anonymous users facing unmasking under Section 512(h).

Practically, platforms *must* be permitted to establish fair use on behalf of accused copyright infringers. To require a user to appear in any Section 512(h) action and establish fair use would itself meaningfully chill protected First Amendment activity. *Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011 WL 5444622, at *7 (N.D. Cal. Nov. 9, 2011) ("courts should determine whether a discovery request is likely to result in chilling protected activity."). "Litigation is expensive, time consuming, often embarrassing, and something that almost all reasonable people seek to avoid." *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, 167 F. Supp. 3d 1018, 1022 (D. Minn. 2016). Appearance to litigate fair use, even anonymously, presents a "daunting expense." *In re Grand Jury Subpoena Issued to*

*Twitter, Inc.*, 2017 WL 9485553, at \*6. "Very few would-be commentators are likely to be prepared to bear costs of this magnitude. So, when word gets out that the price tag of effective sardonic speech is this high, that speech likely will disappear." *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 981 (N.D. Cal. 2005).

### B.    The record before the Court establishes that the Tweets constituted fair use.

The Magistrate Judge correctly recognized that fair use is a non-infringing use such that if the Tweets are found to be fair use, the "DMCA subpoena must be quashed, since the only authorized purpose for a subpoena under the DMCA is to discover the identify of an alleged infringer." Order, at 6 (citation omitted). But the Magistrate Judge erred in concluding that the Tweets here do not constitute fair use.

Twitter refers the Court to the briefing and evidence already submitted on the question of fair use. *See* Motion to Quash, § III.B.1; *see also* Reply In Support of Motion to Quash, § II.B.[5] The Tweets speak for themselves and no supplemental evidence is needed for a fair use finding. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("the only two pieces of evidence needed to decide the question of fair use …are the original version [] and the [secondary use] at issue."); *see also Brammer v. Violent Hues Prods., LLC*, 922 F.3d 255, 263 (4th Cir. 2019) (citing *Brownmark* in holding same). This is because "[w]hat is critical is how the work in question appears to the reasonable observer, not simply what an artist might say about a particular piece or body of work." *Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir. 2013). The Tweets, standing alone, are plainly non-commercial uses of candid photographs, transformed by the accompaniment of ridicule and mockery. *Katz v. Google Inc.*, 802 F.3d 1178, 1183 (11th Cir. 2015) (holding that virtually identical activity by an online blogger constituted fair use, referencing the photo

---

[5] *See* L.R. 72-3(c) ("the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) shall be upon the record of the proceeding before the Magistrate Judge.").

1    itself rather than any extrinsic evidence).

2        The Magistrate Judge erred in finding that additional evidence is needed.

3    With respect to the transformative nature of the Tweets' use, the Magistrate Judge

4    opined that the commentary accompanying the photographs "do not convey an

5    obvious meaning" such that additional "evidence regarding the purpose and meaning

6    of the tweets" is needed. The Court should depart from this finding. The photographs

7    are of scantily-clad women and they are accompanied by comments such as "The new

8    Mrs. Brian Sheth" and "The only thing better than having a wife…is having a hot

9    young girlfriend." No matter *how* the court construes that commentary (*e.g.* as

10   mockery or as genuine support for Brian Sheth's lifestyle), it is undeniable that the

11   works were "copied" here for purpose of discussion and it is undisputed that the user

12   here did not and could not profit from mere publication of a Tweet. *See Campbell*,

13   510 U.S. at 583 (holding that "whether [] parody is in good taste or bad does not and

14   should not matter to fair use" and instead focusing on whether the alleged infringer

15   "reasonably could be perceived as commenting on the original or criticizing it, it

16   some degree."); *see also Reddit*, 441 F. Supp. 3d at 884 ("Darkspilver used the ad and

17   chart for criticism and commentary in a manner fundamentally at odds with Watch

18   Tower's original purposes…This was a transformative use.").

19       Twitter similarly objects to the Magistrate Judge's opinion with respect to the

20   fourth fair use factor, the effect of the use on the potential market for the works. The

21   record is sufficient on this point, too, given the context of these proceedings. Where a

22   copyright holder "attempt[] to utilize copyright as an instrument of censorship

23   against unwanted criticism, *there is no potential market for his work*." *Katz*, 802 F.

24   3d at 1184 (emphasis added). But even if this Court chooses to depart from the

25   Eleventh Circuit on this question, the Court should nevertheless recognize fair use

26   here as all factors are to be "weighed together, in light of the purposes of copyright."

27   *Campbell*, 510 U.S. at 578. And while Bayside does not bear the burden of proving a

28

1  market impact here, their failure to introduce any evidence or even a theory of

2  market impact results in the fourth factor being neutral in the Court's fair use

3  analysis. *See Leibovitz v. Paramount Pictures Corp.*, 137 F. 3d 109, 116 n.6 (2d Cir.

4  1998) ("In this case, Leibovitz has not identified any market for a derivative work

5  that might be harmed by the Paramount ad. In these circumstances, the defendant

6  *had no obligation to present evidence* showing lack of harm in a market for derivative

7  works.") (emphasis added).

8  ### C.  The Order errs in its application of the *Highfields* balancing test.

9  

10  Independent of the fair use analysis, the second component of the *Highfields*

11  test under the First Amendment is that a court must "assess and compare the

12  magnitude of harms that would be caused to the competing interests by a ruling in

13  favor of plaintiff and by a ruling in favor of defendant." *Highfields*, 385 F. Supp. 2d

14  at 976. Twitter refers the Court to the existing briefing on the balancing test. *See*

15  Motion to Quash, §§ III.B.2–3.

16  The Order errs in tipping that balance in favor of Bayside because

17  "@CallMeMoneyBags did not submit evidence demonstrating that unmasking their

18  identity could cause harm or injury." But no evidence is needed. As the Ninth Circuit

19  held, it is a "*self-evident* conclusion that important First Amendment interests are

20  implicated by the plaintiffs' discovery request." *Perry*, 591 F. 3d at 1163 (emphasis

21  added). Those "self-evident" harms are that enforcement of the subpoena "would

22  include public exposure of plaintiff's identity and the financial and other burdens of

23  defending against a multi-count lawsuit-perhaps in a remote jurisdiction."

24  *Highfields*, 385 F. Supp. 2d at 981. The chilling effect would be immense; "disclosure

25  will deter other would-be critics or bloggers from exercising their First Amendment

26  rights." *Art of Living Foundation v. Does 1-10*, No. 10-cv-05022 LHK, 2011 WL

27  5444622, at *8 (N.D. Cal. Nov. 9, 2011) ("disclosure of his identity *is itself* an

28  irreparable harm"). Given the self-evidence of the First Amendment harms, this

-9-

1  Court has previously engaged in the balancing test without the anonymous user's

2  participation. *See, e.g., In re PGS Home Co. Ltd.*, 19-MC-80139-JCS, 2019 WL

3  6311407, at *6 (N.D. Cal. Nov. 25, 2019) ("the primary evidence in the record is the

4  Tweets themselves"); *see also Music Group Macao Commercial Offshore Ltd. v. Does*,

5  82 F. Supp. 3d 979, 986-87 (N.D. Cal. 2015) (engaging in balancing test without user

6  involvement).

7       For its part, Bayside never articulated any harm it would suffer should the

8  subpoena be quashed. It has offered no facts (evidenced or otherwise) about who

9  Bayside is, what Bayside does, the impact of these alleged infringements on

10  whatever business it is that Bayside conducts, or the importance of pursuing a

11  copyright claim against an anonymous account on Twitter that, until this litigation,

12  had only a few hundred followers. Twitter suggests that Bayside's silence here is

13  telling. As Twitter articulates above, this subpoena is not a mere steppingstone on

14  the path to an infringement action. The subpoena is itself an end, sending a message

15  to would-be critics that mocking Brian Sheth is a costly endeavor.

16       The Order is itself silent on any benefits that Bayside would enjoy from

17  unmasking. That is, alone, error. A court cannot conduct a balancing test by merely

18  looking at one side. Nevertheless, should the Court look to Bayside's Opposition on

19  this point, Twitter has already replied thereto. Reply In Support of Motion to Quash,

20  § II.C.2.

21  **V.   CONCLUSION**

22       For the foregoing reasons, Twitter requests that the Court vacate the Order,

23  quash the subpoena, and deny Bayside's motion to compel.

24

25

26

27

28

1    Dated:  January 7, 2022                    PERKINS COIE LLP

2

3

4                                              By:/s/ Julie E. Schwartz
                                                  Julie E. Schwartz, CA Bar No. 260624
5                                                 Hayden M. Schottlaender, TX Bar No.
                                                  24098391
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28