Aaron Mackey (SBN 286647)
amackey@eff.org
Corynne McSherry (SBN 221504)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Jacob A. Snow (SBN 270988)
jsnow@aclunc.org
Nicole A. Ozer (SBN 228643)
nozer@aclunc.org
ACLU FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Amici Curiae*
*Electronic Frontier Foundation and ACLU*
*Foundation of Northern California*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re DMCA Sec. 512(h) Subpoena to Twitter, Inc.* | Case No.: 20-mc-80214 VC<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF ELECTRONIC FRONTIER FOUNDATION AND ACLU FOUNDATION OF NORTHERN CALIFORNIA FOR LEAVE TO FILE AMICI CURIAE BRIEF**<br><br>Date:  May 12, 2022<br>Time:  10:00 AM<br>Dept: Courtroom 4, 17th Floor<br>Hon. Vince Chhabria |

PLEASE TAKE NOTICE that at 10:00 AM on May 12, 2022, the Electronic Frontier Foundation ("EFF") and ACLU Foundation of Northern California ("ACLU") will move for leave to file a brief as amici curiae relating to Magistrate Judge Donna M. Ryu's order granting Bayside's motion to compel and denying Twitter's motion to quash (Dkt. No.21).

Pursuant to this Court's Order (Dkt. No. 26) establishing a briefing schedule in this case, EFF and ACLU respectfully move for leave to file a brief of amicus curiae in the above captioned matter. The proposed brief is attached hereto as an exhibit to the motion. Before filing, counsel for Amici conferred with both counsel for both parties.  Neither party objects to Amici filing a brief in this matter.  For the reasons that follow, the motion should be granted.

## I. Identity and Interests of Amici Curiae

EFF is a member-supported, non-profit civil liberties organization based in San Francisco that works to protect free speech and privacy in the digital world. Founded in 1990, EFF has more than 35,000 dues-paying members. EFF represents the interests of technology users in both court cases and broader policy debates surrounding the application of law to technology. The First Amendment's protections for anonymous online speakers and misuse of the Digital Millennium Copyright Act ("DMCA") to silence speech online are central to EFF's work. EFF has repeatedly represented anonymous online speakers and appeared as amicus curiae in cases where the First Amendment's protections for anonymous speech are at issue. *See, e.g.*, *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020) (serving as counsel to Doe); *Signature Mgm't Team, LLC v. Doe*, 876 F.3d 831 (6th Cir. 2017) (serving as amicus curiae).[1] EFF has also

---

[1] A list of anonymous speech cases in which EFF has participated is available at https://www.eff.org/issues/anonymity.

represented a speakers whose protected expression was taken offline as a the result of an abusive DMCA takedown request, s*ee Lenz v. Universal Music Corp.*, 815 F.3d 1145 (9th Cir. 2016), as well as an anonymous speaker targeted by a DMCA subpoena like the one at issue here. *In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d 875 (N.D. Cal. 2020).

The American Civil Liberties Union is a national, non-profit, non-partisan civil liberties organization with more than 1.6 million members dedicated to the principles of liberty and equality embodied in both the United States and California constitutions. The ACLU of Northern California's Technology and Civil Liberties Project, founded in 2004, works specifically on legal and policy issues at the intersection of technology and privacy, free speech, and other civil liberties and civil rights.

## II.   EFF and ACLU's brief will assist this Court's review of Twitter's motion for de novo determination of the Magistrate's Order

Amici's brief will help this Court understand the dangerous consequences of the Magistrate's Order for anonymous speech online while also providing expertise on anonymity and copyright law. "The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds as recognized in Doe v. Kelly*, 878 F.3d 710, 720 (9th Cir. 2017). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1016, 1067 (N.D. Cal. 2005) (internal citations and quotations omitted).

As the brief argues, the Magistrate's order has "potential ramifications beyond" this dispute

between Twitter and Bayside because it effectively endorses a two-tiered system of protections for anonymous speakers based on whether they used another's copyrighted works. *Id*. That order jeopardizes the First Amendment's robust protections for anonymous speakers accused of copyright infringement by requiring them to submit evidence in their defense and putting the legal burden on the speaker to show that they engaged in fair use. But such evidence is unnecessary in this case and many others when fair use can be readily determined on the face of the speech. Moreover, as public interest organizations with long experience counseling and representing online speakers, Amici know that such speakers often face substantial practical and financial burdens in defending their First Amendment rights. Where, as here, an online service provider has both the legal standing and the resources to adequately defend its users' First Amendment rights, the court should permit it to do so.

Amici also offer an additional and unique perspective on the legal issues in this case. *See NGV Gaming, Ltd.*, 335 F. Supp. 3d at 1067. Amicus EFF served as counsel to the online speaker targeted by the subpoena at issue in *In re DMCA Subpoena*, 441 F. Supp. 3d 875, and to the plaintiff in *Lenz*, 815 F.3d 1145 (9th Cir. 2016). The Magistrate's Order relied on both cases before ordering Twitter to identify its anonymous user. Amici's brief argues that *In re DMCA Subpoena* incorrectly relied on fair use to serve as a proxy for the First Amendment's anonymous speech protects and results in diminishing legal protections for anonymous speakers targeted by copyright claims or DMCA subpoenas. This is a problem because, as *Lenz* shows, copyright holders frequently misuse the DMCA to take down lawful expression online and target speakers who are critical of those rightsholders. *See In re DMCA Subpoena to Reddit*, 451 F. Supp. 3d at 878-79. Given that potential abuse, amici argue that courts should conscientiously scrutinize requests to unmask anonymous speakers via DMCA subpoenas by putting the burden on the proponent to

establish that its case has merit and that its needs to identify the speaker outweigh the harm from unmasking them. *Highfields*, 385 F. Supp. 2d at 975-76.

Amici respectfully request that this Court grant their motion for leave to file the attached amicus brief.

DATED: February 18, 2022

Respectfully submitted,

    */s/ Aaron Mackey*
Aaron Mackey

Corynne McSherry
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Jacob A. Snow
Nicole A. Ozer
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Amici Curiae*
*Electronic Frontier Foundation and ACLU*
*Foundation of Northern California*