Paul Alan Levy (pro hac vice sought)
Public Citizen Litigation Group
1600 20th Street, NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Phillip R. Malone
California Bar No. 163969
JUELSGAARD INTELLECTUAL PROPERTY AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
Facsimile: (650) 725-0253
pmalone@stanford.edu

Attorneys for Public Citizen

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DMCA Sec. 512(h) Subpoena to Twitter, Inc.<br><br>Twitter's Motion for De Novo Determination of Dispositive Matter | Case No.: 20-mc-80214 VC<br><br>**NOTICE OF MOTION AND MOTION OF PUBLIC CITIZEN FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF NEITHER PARTY**<br><br>Date: May 12, 2022<br>Time: 10:00 AM<br>Dept: Courtroom 4, 17th Floor<br>Hon. Vince Chhabria |

Please take notice that Public Citizen will move for leave to file a brief as amicus curiae relating to Magistrate Judge Donna M. Ryu's order granting Bayside's motion to compel and denying Twitter's motion to quash (DN 21). Pursuant to this Court's Order (DN 26) establishing a briefing schedule in this case, Public Citizen seeks leave to file an amicus curiae brief supporting neither party. The proposed brief is being e-filed as an exhibit to the motion. Before filing, counsel for amicus conferred with counsel for both parties. Twitter consents to the filing. Bayside reserves judgment because it has not seen the proposed brief and may wish to file a response to the proposed amicus brief insofar as the brief is contrary

to Bayside's position, and because Twitter was not willing to grant unconditional consent to Bayside's possible desire to file such a response.

No party has provided any support to Public Citizen for filing of the brief. Nor has any party or counsel for any party played any role in the drafting or editing of the proposed brief.

**Interest of Amicus Curiae**

Public Citizen, Inc., is a public interest organization based in Washington, D.C. with members in each of the 50 states. Since its founding in 1971, Public Citizen has encouraged public participation in civic affairs, and has brought and defended numerous cases involving the First Amendment rights of citizens who participate in civic affairs and public debates.

Of particular relevance here, Public Citizen has appeared as amicus curiae in cases concerning subpoenas seeking to identify authors of anonymous Internet communications. The courts in these and other cases have adopted slightly different versions of a standard for deciding such cases that was originally suggested by Public Citizen as amicus curiae and adopted by the New Jersey Appellate Division in *Dendrite v. Doe*, 775 A.2d 756 (N.J. App. 2001). Other cases where Public Citizen has appeared as amicus curiae to address the test for identifying anonymous speakers include *Gunning v. Doe*, 159 A.3d 1227 (Me. 2017); *Thomas M. Cooley Law School v. Doe 1*, 833 N.W.2d 331 (Mich. App. 2013); *In re Indiana Newspapers*, 963 N.E.2d 534 (Ind. App. 2012); *Mortgage Specialists v. Implode-Explode Heavy Industries*, 999 A.2d 184 (N.H. 2010); *Mobilisa v. Doe*, 170 P.3d 712 (Ariz. App. 2007); *Doe v. Cahill*, 884 A.2d 451 (Del. 2005); and *Fitch v. Doe*, 869 A.2d 722 (Me. 2005). In each of the above cases other than *Gunning* and *Mortgage Specialists*, undersigned counsel argued before the appellate panel, urging adoption of the *Dendrite* test. Public Citizen has also filed briefs as amicus curiae in several cases in this District presenting this issue, including *Music Group Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 981 (N.D. Cal. 2015), *Ron Paul 2012 Presidential Campaign Committee v. Doe*, No. 3:12-cv-00240- MEJ (N.D. Cal. Mar. 8, 2012), and *Art of Living v. Doe*, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011).

**Public Citizen's Proposed Amicus Brief Will Aid the Court in Deciding This Case.**

Public Citizen submits this amicus brief in support of neither part to address the proper way to assess the balance between the First Amendment right to speak anonymously and the right to enforce claims that the anonymous speech in this case is actionable. Public Citizen agrees with Twitter and its amici that platforms such as Twitter have standing to assert the First Amendment rights of their users. We also agree that the *Dendrite* balancing test often applied in this District in cases such as *Highfields Capital Mgmt. v. Doe*, 385 F. Supp.2d 969 (N.D. Cal. 2005), rather than the test of *Sony Music Entertainment v. Does 1-40*, 326 F. Supp.2d 556 (S.D.N.Y. 2004), supplies the proper legal standard. But in important respects, Public Citizen disagrees with Twitter and its amici about how to apply the final prong of the *Dendrite* standard, under which a court balances the rights of the prospective plaintiff and the speaker's First Amendment right to speak anonymously.

Twitter and its amici argue that, under the *Dendrite* balancing prong, either a party seeking discovery bears the burden of making a showing at the balancing stage, or the mere fact that disclosure would strip the Doe of her anonymity is enough to strike the balance against identification. The proposed brief explains that, properly applied, the balancing stage of the analysis—which is reached only after a party claiming that the anonymous speech was wrongful has submitted both legal argument and evidence sufficient to show that it has a tenable basis for claiming a violation of its rights—provides an opportunity for either the party seeking enforcement of a subpoena and the party seeking to preserve anonymity to point to any special considerations that might warrant enforcing or denying enforcement of a subpoena that differs from the standard subpoena case. In addition, the proposed brief discusses the type of interests that might be presented here, without taking any position about how the Court should strike the *Dendrite* balance here.

Public Citizen believes that its extensive experience in formulating and developing the *Dendrite* standard, and in arguing to courts in other jurisdictions about how the standard should be applied, may be of substantial assistance to the Court as it decides whether to follow other judges in this District in adopting that standard, and, if so, how to apply the

standard.

## CONCLUSION

The Court should grant leave for Public Citizen to appear as amicus curiae and to file the proposed amicus brief. The Court should give Bayside an opportunity to respond to this brief before Twitter's reply brief is due.

Respectfully submitted,

/s/ Paul Alan Levy
Paul Alan Levy (pro hac vice sought)
Public Citizen Litigation Group

/s/ Phillip R. Malone
California Bar No. 163969
JUELSGAARD INTELLECTUAL
PROPERTY AND INNOVATION CLINIC

April 4, 2022                                   Attorneys for Public Citizen